UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 24-00501-JFW (AS) | Date | October 30, 2024 |
|---|---|---|---|
| Title | *Cedric Greene v. Martin O'Malley, Commissioner of Social Security* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**             **ORDER TO SHOW CAUSE**

On December 1, 2023, Plaintiff, proceeding pro se, attempted to file a "Complaint for Review of Social Security Disability or Supplemental Security Income Decision" in the District of Columbia which was transferred to this District. (Dkt. Nos. 1, 4). The Complaint reports that Plaintiff resides at an address in Los Angeles. (Dkt. No. 1 at 2). Plaintiff has been granted leave to proceed in forma pauperis. (Dkt. Nos. 2, 14).

Plaintiff has not filed anything directly with this Court since the District of Columbia transferred Plaintiff's case. On January 11 and 12, 2024, Plaintiff attempted to file in the District of Columbia an "Application for a Removal Order of Special Assistant of General Counsel" and a supporting memorandum, asserting that Defendant should not be represented by counsel outside the District of Columbia, namely Krystle McMullan who Plaintiff asserts is in California. (Dkt. Nos. 7-8). The District of Columbia transferred Plaintiff's application to this Court which is still pending. (Id.).

On January 30, 2024, this Court issued a Case Management Order advising Plaintiff that he must comply with Local Rule 41-6, which requires that he keep the Court informed of his current address. (Dkt. No. 15 at 3). The Court warned Plaintiff that the failure to keep the Court informed of Plaintiff's current address may result in dismissal of this action for failure to prosecute. (Id.).

On April 8, 2024, the Court issued an Order Staying Proceedings pending a final ruling from the D.C. Circuit regarding a writ of mandamus Plaintiff had filed in In re: Cedric Greene, D.C. Cir. Case No. 24-5024, challenging the decision to transfer Plaintiff's case to this Court. (Dkt. Nos. 18, 23). On May 1, 2024, the D.C. Circuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 24-00501-JFW (AS) | Date | October 30, 2024 |
|---|---|---|---|
| Title | *Cedric Greene v. Martin O'Malley, Commissioner of Social Security* | | |

dismissed Plaintiff's appeal. (Dkt. No. 29-1). On May 17, 2024, this Court lifted the stay and ordered Defendant to respond to the Complaint no later than June 28. 2024. (Dkt. Nos. 29-30).

Meanwhile, the Court attempted to send its orders relating to the stay (Dkt. Nos. 20-23) to Plaintiff's address of record, but those orders were returned to sender as not deliverable. (Dkt. Nos. 24-25, 27-28). On April 25, 2024, the Court ordered Plaintiff to provide the Court with his current address pursuant to Local Rule 41-6 within ten days. (Dkt. No. 26). The Court warned Plaintiff that his failure to respond to the order would result in the Court recommending that this action be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Id.). The Court's April 25, 2024 Order sent to Plaintiff's address of record was returned to the court as undelivered with the notation of "return to sender" marked on the envelope. (Dkt. No. 31). Subsequent orders sent to Plaintiff's address of record have also been returned with the same "return to sender" written on the envelope. (Dkt. Nos. 33-34).

On June 28, 2024, Defendant filed a motion to dismiss the Complaint. (Dkt. No. 35). The motion to dismiss asserts that Plaintiff has not stated a claim for relief under 42 U.S.C. § 405(g) because there is no judicially reviewable final decision for the Court to review (i.e., the Complaint does not make clear what agency action Plaintiff is challenging, and the last nonfinal administrative decision regarding a claim for Social Security benefits appears to have issued on March 7, 2012, rendering any challenge untimely/unexhausted). (Dkt. No. 35 at 3, 5-7). On July 12, 2024, the Court ordered Plaintiff to file a response to the motion to dismiss no later than August 12, 2024. (Dkt. No. 36). The Court warned Plaintiff that the failure timely to file an opposition or statement of no opposition to the motion to dismiss may be deemed consent to granting the motion. (Id. (citing Local Rule 7-12)). As with prior orders, the Court's July 12, 2024 Order mailed to Plaintiff's address of record was returned to the court with "return to sender" written on the envelope. (Dkt. No. 37).

To date, Plaintiff has failed to update his address, or to file an opposition or other response to the Defendant's motion to dismiss the Complaint, or otherwise communicate with the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 24-00501-JFW (AS) | Date | October 30, 2024 |
|---|---|---|---|
| Title | *Cedric Greene v. Martin O'Malley, Commissioner of Social Security* | | |

    The Court, on its own motion, orders Plaintiff to show cause, in writing, <u>no later than</u> **November 15, 2024,** why this action should not be dismissed without prejudice (1) for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b); and (2) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 405(g) as raised in the motion to dismiss.  <u>See</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626 (1962) (court has inherent power to dismiss for lack of prosecution on its own motion); <u>see also</u> <u>Bass v. Soc. Sec. Admin.</u>, 872 F.2d 832, 833 (9th Cir. 1989) (court may dismiss complaint for lack of subject matter jurisdiction for failure to exhaust procedures set forth in 42 U.S.C. § 405(g)).  Alternatively, Plaintiff may request a voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a).  <u>A Notice of Dismissal form is attached for Plaintiff's convenience</u>.

    **Plaintiff is expressly warned that failure to file a timely response to this Order to Show Cause may result in the dismissal of this action without prejudice for failure to comply with Court orders and for his failure to prosecute.  <u>See</u> Fed. R. Civ. P.41(b).**

    **IT IS SO ORDERED.**

|  |  | 0 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  |  |  |